## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL J. COUNTS, #18923-045, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-229-MJR |
| | ) |
| LISA HOLLINGSWORTH, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Samuel J. Counts, an inmate in USP-Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**FACTS ALLEGED**

Counts entered federal custody in January 2007. During his intake screening in early February at Forrest city, Arkansas, Counts advised the dentist that he had a full upper denture at home, and he received permission to have the dentures mailed to him. When his family was unable to find his dentures, Counts returned to the dentist in March 2007; he was added to the routine dental care list ("RDCL") to be fitted for new dentures, and he was told the average wait time was 9-12 months. In May 2007 Counts was transferred to Marion, and he immediately sought a dental appointment. He anticipated a shorter wait for dentures due to the smaller population at Marion, so he was dismayed to learn that it was still a 9-12 month wait for dentures.

During that year, Counts's family eventually located and mailed his dentures from home. Unfortunately the dentist determined that the dentures were too far out of alignment to be adjusted, but Counts was able to make use of them when necessary for hard or sharp foods. Thus, Counts remained on the Marion RDCL with his original 9-12 month waiting period for new dentures. In late 2007, Counts learned that there was no longer a full-time dentist at Marion. He spoke with Defendants Chastain and Clendinin, who advised him that a contract dentist would be coming to Marion. At that time, Clendinin verified that Counts was #108 on the RDCL.

In February 2008 Counts was placed in segregation, and his personal property was packed. Upon his release from segregation In March 2008, Counts discovered that his ill-fitting dentures were not in his property box. Counts explained his dental situation to the unit manager, who noted that Counts had been on the RDCL for about 10 months. Given the 9-12 month waiting period originally predicted, the unit manager advised Counts to be patient.

In mid-2008, Counts spoke many times with Defendants Hollingsworth, English, Clendinin and Chastain about the delays in getting his dentures. He was told that at certain times there was no

dentist available, and later he was told that a new dentist had been hired. In July 2009, Counts was told that the dental department was working on "the 50s" on the RDCL. In November, Clendinin told him that an additional contract dentist had been hired. In December 2009, Clendinin told him that the institution-based RDCL had been abandoned. Instead, the relevant date was an inmate's original date of placement on an RDCL, regardless of the institution. They were currently working on inmates who had been placed on the list in March 2007. Counts was able to prove that he was placed on the RDCL at Forrest City on March 13, 2007, and Clendidin advised him that his position on the list had been moved up.

On March 9, 2010, Counts saw the dentist for small cuts, bruising and abrasions in his mouth caused by sharp foods. The dentist advised Counts that given the time constraints, the dentist could only treat his symptoms but could not do anything at that time about his dentures; Counts would have to wait, like everyone else, for his turn to come up on the RDCL. The dentist also explained that time spent addressing the dental sick call list necessarily cut into the time that the dental staff could spend working on the RDCL, thus slowing the progress of working through the list.

## CLAIMS MADE

Based on this ongoing situation, Counts asserts that all defendants were deliberately indifferent to his dental needs, in violation of his rights under the Eighth Amendment.

> The Eighth Amendment prohibits cruel and unusual punishment; that guarantee encompasses a prisoner's right to medical care. It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quotation marks and citation omitted). This principle applies equally to dental care. *Berry v. Peterman,* 604 F.3d 435, 440 (7th Cir. 2010). But negligence, even gross negligence, does not violate the Constitution. *Estelle,* 429 U.S. at 105-06, 97 S.Ct. 285; *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). Only deliberate indifference or worse in the face of a serious medical need will do. *Estelle,* 429 U.S. at 103-04, 97 S.Ct. 285; *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008). A delay in treatment may constitute

> deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. *Estelle,* 429 U.S. at 104-05, 97 S.Ct. 285; *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007).

*McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Counts has set forth a plausible account of the facts showing how much delay he experienced in getting new dentures (at least three years), that he frequently asked Hollingsworth, English, Chastain and Clendinin for action, and what the consequences were of inaction. "Delay is not a factor that is either always, or never, significant. Instead, the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.*

Applying these standards to the allegations in the complaint, at this time the Court is unable to dismiss any of the Defendants from this action.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HOLLINGSWORTH, CHASTAIN, CLENDININ** and **ENGLISH**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HOLLINGSWORTH, CHASTAIN, CLENDININ** and **ENGLISH** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil

Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 24th day of September, 2010.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**